UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEITH FINKLEA, Individually and on Behalf of the Class, | * * * | |
| | * | CAUSE NO. _____ |
| VERSUS | * * | |
| MONITRONICS INTERNATIONAL, INC., ALLIANCE SECURITY, INC., AND HOME SECURITY SOLUTIONS, INC. | * * * * * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, KEITH FINKLEA, domiciled in the county of Harrison in the State of Texas, on behalf of all others similarly situated, respectfully submits the following, alleges and avers as follows:

### A. NATURE OF THE CASE

1.      This suit asserts allegations that Defendants MONITRONICS INTERNATIONAL, INC. ("Monitronics"), ALLIANCE SECURITY, INC. ("Alliance"), and HOME SECURITY SOLUTIONS, INC. ("HSS") jointly violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA), and other legal prohibitions under statutory and common law, by placing illegal calls to persons who did not give their express consent on their cellular telephones using an artificial/prerecorded voice ("robo-call") and/or an automatic telephone

dialing system.

2.      In particular, Defendants placed thousands of phone calls using an artificial/prerecorded voice and/or an automatic telephone dialing equipment to cellular phone subscribers without their prior express consent.  The placing of phone calls to cellular phone lines using an automatic telephone dialing equipment or an artificial or prerecorded voice without the recipients' consent violates 47 U.S.C. § 227(b)(1)(A).

3.      This suit is brought on behalf of all recipients of telephone calls sent or placed by or on behalf of Monitronics, Alliance and/or HSS, or their representative(s) to the recipients' cellular telephones using an artificial or prerecorded voice and/or an automatic telephone dialing system within the past four years, and who never provided their number to Monitronics, Alliance and/or HSS or otherwise gave their prior express consent.

4.      Plaintiff, on behalf of himself and a class of similarly situated persons or legal entities, brings this suit under the TCPA, other statutes, and common law for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## B. JURISDICTION AND VENUE

5.      This Honorable Court is vested with jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act").  The TCPA expressly creates a private right of action for damages and injunctive relief by a person who

suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies.  47 U.S.C. § 227(b)(3).

6.     In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from two of the Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

## C. DESCRIPTION OF THE PARTIES

7.     Plaintiff party is KEITH FINKLEA, a major individual domiciled in the County of Harrison and State of Texas.  Plaintiff received at least five telephone calls from Monitronics, Alliance and/or HSS on his cellular telephone within the last four years without providing his number to Monitronics, Alliance and/or HSS or giving his prior express consent.  The most recent calls were received by plaintiff on February 4, 2014, February 5, 2014, and April 16, 2014, all from telephone number 401-213-3228, a number subscribed to by Monitronics, Alliance and/or HSS.

8.     Defendant parties are MONITRONICS INTERNATIONAL, INC. ("Monitronics"), a Texas corporation with its principal place of business located at 2350 Valley View Lane, Suite 100, Dallas, Texas 75065. Monitronics is a security alarm monitoring company.  All of the subject phone calls received by Finklea and the other members of the class from the

phone number 401-213-3228 (and other unknown phone numbers) were placed by or at the direction of Monitronics;

ALLIANCE SECURITY, INC. ("Alliance"), a foreign corporation headquartered in Delaware. Its registered agent for service of process is located at The Corporation Trust Center, 1209 Orage Street, Wilmington, Delaware 19801. Alliance transacts business in the State of Texas and is an alarm-systems dealer. All of the subject phone calls received by Finklea and the other members of the class from the phone number 401-213-3228 (and other unknown phone numbers) were placed by or at the direction of Alliance; and

HOME SECURITY SOLUTIONS, INC. ("HSS"), a foreign corporation headquartered in Rhode Island with its principal place of business located at 136 Uxbridge Street, Cranston, Rhode Island 02920. HSS transacts business in the State of Texas and is an alarm-systems dealer. All of the subject phone calls received by Finklea and the other members of the class from the phone number 401-213-3228 (and other unknown phone numbers) were placed by or at the direction of HSS.

## D. FACTUAL ALLEGATIONS

### General Overview of the TCPA

9.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.     The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers." The plain language of section 227(a)(1) defines an autodialer as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Further, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party. In addition, the use of an automated or prerecorded voice to make such a call is similarly illegal.

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

12.     Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not

used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity'" mere surplusage.  Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers.  Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation.  Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definition of an ATDS.

13.     Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

14.     On January 4, 2008, the FCC released a Declaratory Ruling relating to debt collection calls wherein it confirmed that auto-dialed and prerecorded message calls to a wireless number are permitted *only* if the calls are made with the "prior express consent" of the called party.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."  Id. at 564-65 (¶ 10).

15.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the

burden is on Defendants to demonstrate that Plaintiff provided express consent within the

meaning of the statute.

**Placing and Receipt of the Calls**

16.    At all relevant times Plaintiff was an individual residing in the State of Texas.

17.    Although Plaintiff did not provide his cellular phone numbers to Defendants at any

time in any way, Defendants repeatedly contacted Plaintiff on his cellular telephones.  The

most recent calls were received by Plaintiff on his cellular phone on April 16, 2014.  On that

day plaintiff received two calls from 401-213-3228, a phone number subscribed to or

otherwise attributable to Monitronics, Alliance and/or HSS.  More calls were received by

Plaintiff on his cellular phone on February 4 and 5, 2014 from the same number.

18.    All telephone calls made by Defendants to Plaintiff on his cellular telephones occurred

with the use of an ATDS,  as defined by 47 U.S.C. § 227(a)(1), and/or an artificial or

prerecorded voice, and all calls included in this suit occurred within four years of the filing

of this Complaint.

19.    The telephone numbers that Defendants used to contact Plaintiff, made by an ATDS

and/or using an artificial or prerecorded voice, were assigned to a cellular telephone service

as specified in 47 U.S.C. § 227(b)(1)(A)(iii).  Further, both of the telephone numbers

subscribed to Plaintiff, and to which calls were made by the Defendants, were registered on

the Do Not Call registry at the time the calls were received.

20.     The subject telephone calls were not made for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Plaintiff did not provide Defendants his "express consent" to place telephone calls to her cellular phones using an ATDS, as defined by 47 U.S.C. § 227(b)(1)(A), or an artificial or prerecorded voice.

22.     Identical telephone calls made by an ATDS were similarly placed on repeated occasions to other cellular phone numbers belonging to the other members of the class over the past four years.  None of those subscribers gave Defendants their prior express consent to receive the calls and they were not made for emergency purposes.  In many instances, Defendants, or their representatives, placed these phone calls multiple times a week to the members of the Class.

23.     Upon information and belief, Defendants placed numerous calls to Plaintiff and the class members weekly.  As a result, thousands of telephone calls were placed by Defendants on a weekly basis to the class members, resulting in thousands of calls made by Defendants to the Plaintiff and the class members over the past four years.  These telephone calls were placed for the commercial purpose of soliciting the purchase of home security systems and enrollment in monitoring services.

24.     The phone calls sent to the thousands of cellular telephone numbers subscribed to by

the class members over the past four years caused each class member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds the cell phone data plan and/or the costs of minutes associated with the cell phone plan.

### E. CLASS ALLEGATIONS

25.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of herself and the following class ("The Class"): All persons or legal entities domiciled within the United States who, within the last four years, received a non-emergency telephone call on their cellular telephone (or to a telephone number assigned to a service for which the called party is charged for the call) placed by or on behalf of Monitronics, Alliance and/or HSS with an automatic telephone dialing system and/or artificial or prerecorded voice. Excluded from the Class are all judges and Court personnel employed by the United States District Court for the Eastern District of Texas and all officers, directors and employees of Defendants.

26.    The Class consists of thousands of individuals and legal entities who are geographically dispensed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1).  The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendants' records, or the records of their

representatives, including but not limited to the transmission logs.

27.    The claims of Plaintiff are typical of the claims of the class members.  The claims of

the Plaintiff and the respective class members are based on the same legal theories and arise

from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and

the class members.

28.    The class members have a well-defined community of interest.  The Defendants acted

and failed to act on grounds generally applicable to the Plaintiff and the respective class

members, requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the respective class members.

29.    There are numerous questions of law and fact common to the claims of Plaintiff and

the class, and those questions predominate over any questions that may affect only individual

class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

30.    Absent a class action, most of the respective class members would find the cost of

litigating their claims to be prohibitive, and will have no effective remedy.   The class

treatment of common questions of law and fact is also superior to multiple individual actions

or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

promotes consistency and efficiency of adjudication.

31.    Common questions of fact and law affecting members of the Class include, but are

not limited to, the following:

(a)     Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)     Whether Defendants' phone calls were made for an emergency purpose;

(c)     Whether Defendants obtained the phone call recipients' prior express consent;

(d)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(e)     Whether Defendants converted and/or caused loss of use of plaintiffs' property;

(f)     Whether Defendants owed any duty to plaintiffs;

(g)     Whether Defendants breached any duty owed to plaintiffs;

(h)     Whether Defendants violated the privacy rights of plaintiffs;

(i)     Whether Defendants' breach of duty caused plaintiffs' compensatory damages;

(j)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(k)     Whether Defendants' conduct constituted a nuisance;

(l)     Whether Defendants' conduct caused plaintiffs inconvenience and/or annoyance;

(m)     Whether plaintiffs and members of the class are entitled to compensatory damages;

(n)     Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

(o)     Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining defendant from continuing to engage in its unlawful conduct.

32.     Plaintiff will fairly and adequately represent and protect the interests of the respective class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

33.     This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

### F. FIRST CLAIM FOR RELIEF

### (Liability pursuant to the TCPA)

34.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

**Violation of § 227(b)(1) for calls made using an ATDS or artificial/prerecorded voice**

35.     Defendants placed, or caused to be placed, calls to Plaintiff and the Class with an automatic telephone dialing system and/or artificial or prerecorded voice, within the meaning of 47 U.S.C. § 227(a).  The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and

to dial such numbers.  By using such equipment, Defendants, or their agents, were capable of making thousands of calls to the subscribers of cellular phone numbers automatically without human intervention.

36.    These calls were made *en masse* without the prior express consent of Plaintiff and the other members of the Class.

37.    Thus, Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

38.    Plaintiff received, on February 4, 2014, February 5, 2014, April 16, 2014 and other dates and times since then, calls transmitted and/or placed by or on behalf of Monitronics, Alliance and/or HSS on his cellular telephones from phone number 401-213-3228.  He continues to receive more calls on a frequent basis from the same phone number.

39.    Defendants' records will likely reveal that Plaintiff received many more calls from Defendants during the past four years.

40.    All of the calls made by Monitronics, Alliance and/or HSS , or made on their behalf, to Plaintiff were made despite that Plaintiff never gave Monitronics, Alliance and/or HSS his express consent to receive the calls.

41.     All of these calls were sent without Plaintiff's prior express consent and in violation of 47 U.S.C. § 227 *et seq*.

42.     All of the calls were received by Plaintiff on his cellular telephones.  The costs for services for the cellular telephone numbers on which the Plaintiff received the calls are paid by Plaintiff.  Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on those cellular telephones, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephones, and the invasion of privacy.

43.     Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq*., specifically including 47 U.S.C. 227(b)(3)(A).

44.     Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

45.     Accordingly, as a proximate result of the Defendants' conduct, the plaintiff Class has incurred actual damages associated with the cost of the receipt of the phone calls, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

46.     Further, in the alternative, the plaintiff Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendants.

**Violation of § 227(c) for calls placed to numbers listed on the Do Not Call Registry**

47.     In addition, each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the national Do Not Call Registry.

**Request for Treble Damages**

48.     In addition, if the court finds that the Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

**Request for Injunctive Relief**

49.     Additionally, the Class seeks injunctive relief requiring that Defendants be enjoined from placing or transmitting additional phone calls in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## G. SECOND CLAIM FOR RELIEF

### (Conversion)

50.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

51.     By sending Plaintiff and the class members unsolicited phone calls, Defendants deprived plaintiffs and class members of the use of, and converted to their own use, the cellular telephones belonging to plaintiff and the class members.

52.     Immediately prior to the placing of the unsolicited calls, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the cellular telephones.

53.     By sending the unsolicited calls, Defendants appropriated to its own use, and deprived plaintiff and the class members of the use of, the cellular telephones used to receive the calls, such that they could not be used for the receipt of any other data or calls.  Such appropriation was wrongful and without authorization.

54.     Defendants knew or should have known that such appropriation of the cellular telephones was wrongful and without authorization.

55.     Plaintiff and the class members were deprived of their cellular telephones, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited calls.

56.     Defendants should be enjoined from committing similar violations in the future.

### H. THIRD CLAIM FOR RELIEF

**(Negligence)**

57.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

58.     Among other duties, Defendants owed a duty not to damage plaintiffs.  However, Defendants and/or their agents, by error and neglect, permitted, suffered, required, ratified,

directed, and/or otherwise proximately caused the acts and omissions that have damaged plaintiffs as referenced herein.

59.    If the Defendants and/or their agents had not been negligent in their acts or omissions, or their supervision, management, direction, instruction, training, guidance, assistance, and/or control of each other, their agents, or themselves, then the marketing practices and/or phone calls referenced herein would have comported with all applicable law, and none of the inherently injurious calls referenced herein would have been transmitted to the telephonic devices of plaintiffs.

60.    In this regard, by transmitting the unsolicited calls to plaintiffs, the Defendants violated their duty or duties to plaintiffs.

61.    For such reasons and/or otherwise as a consequence of Defendants' negligence proximately causing injuries to plaintiffs and/or their property, plaintiffs are entitled to recover from defendant the actual or compensatory damages referenced herein and in accord with proof.

62.    Defendants should be enjoined from committing similar violations in the future.

## I. FOURTH CLAIM FOR RELIEF

### (Invasion of Privacy)

63    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

64.    Defendants, by their acts and omissions described herein, has invaded plaintiff and

the class members' privacy and/or committed an unauthorized intrusion for prying into plaintiff and the class members' seclusion.

65.      The invasion of privacy and/or intrusion committed by the Defendants have been highly offensive and/or objectionable to plaintiff and the class members.

66.      The invasion of privacy and/or intrusion committed by the Defendants would be highly offensive and/or objectionable to any reasonable person.

67.      Defendants invaded and/or intruded on the privacy and/or private matters of plaintiff and the class members.

68.      The invasions of privacy and/or intrusion committed by Defendants have caused plaintiff and the class members anguish and suffering, as well as additional damages as described herein.

## J. FIFTH CLAIM FOR RELIEF

### (Private Nuisance)

69.      Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

70.      Defendants, by their acts and omissions described herein, have invaded the plaintiff and the class members' interest in the use and enjoyment of their property.

71.      Defendants' invasions have been substantial, negligent and unreasonable, and have constituted a nuisance with respect to plaintiff and the class members.

72.     Defendants' invasions would constitute a nuisance with respect to any reasonable person.

73.     Defendants' invasions have made life uncomfortable for plaintiff and the class members, and have caused plaintiff and the class members actual damages as described herein.

## K. SIXTH CLAIM FOR RELIEF

### (Public Nuisance)

74.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

75.     Plaintiff, the class members, and the rest of the public, have a right to be free from the inconvenience and annoyance of unsolicited calls placed to their cellular telephones.

76.     Defendants, by their acts and omissions as described herein, have substantially and unreasonably interfered with these rights.

77.     Defendants, by their acts and omissions as described herein, have proximately caused plaintiff and the class members, in particular, actual damages as described herein.

## L. SEVENTH CLAIM FOR RELIEF

### (Vicarious and Agency Liability pursuant to the TCPA)

78.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

79.     Besides direct liability for violation of the TCPA by each of the Defendants individually, as well as their joint liability under the Act, Defendant Monitronics is vicariously liable for the violations committed by Alliance and HSS, or any other party responsible for the calls identified in this action.

80.     Likewise, Alliance is vicariously liable for the violations committed by HSS, or any other party responsible for the calls identified in this action.

81.     Further, both Monitronics and Alliance are liable for any violations of the TCPA by any other party or non-party based on the theory of agency.

82.     According to the FCC, the agency charged with interpreting the statute, a seller is not shielded from liability simply because *others* violate the law on its behalf and for its benefit. This is so in part because the dealers and lead-generators that place illegal calls often are judgment proof and difficult to identify, and sellers are best positioned to monitor and control their activities.

83.     Under these circumstances, and in service of protecting consumers from the nuisance and privacy-invasion of unwanted telemarketing, liability is imputed to the more reputable and more financially solvent sellers such as Monitronics and Alliance.

84.     A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

85.     As explained by the FCC, the TCPA and its regulations "generally establish that the

party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

86.    The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

87.    The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. *In re Joint Pet. Filed by Dish Network,* 28 FCCR 6574 (2013).

88.    With respect to telemarketing calls placed to Plaintiff and putative class members, Monotronics is liable for the TCPA violations of HSS because:

    a.    HSS placed calls on behalf of, and for the benefit of, Monitronics;

      b.      HSS placed calls under Monitronics's actual authority;

      c.      HSS placed calls under Alliance's apparent authority; or

      d.      Monitronics ratified the illegal conduct of HSS.

89.    With respect to telemarketing calls placed to Plaintiff and putative class members, Alliance is liable for the TCPA violations of HSS because:

      a.      HSS placed calls on behalf of, and for the benefit of, Alliance;

      b.      HSS placed calls under Alliance's actual authority;

      c.      HSS placed calls under Alliance's apparent authority; or

      d.      Alliance ratified the illegal conduct of HSS.

90.    With respect to telemarketing calls placed to Plaintiff and putative class members, Monitronics is liable for the TCPA violations of Alliance because:

      a.      Alliance placed calls on behalf of, and for the benefit of, Monitronics;

      b.      Alliance placed calls under Monitronics's actual authority;

      c.      Alliance placed calls under Monitronics's apparent authority; or

      d.      Monitronics ratified the illegal conduct of Alliance.

## M. DEMAND FOR PRESERVATION

91.    Plaintiff also specifically demands that Defendants retain and preserve all records related to the allegations in this Complaint.  Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)     Scripts of messages to be used for telephone calls placed over the past four (4) years, with corresponding dates when those messages were used;

(2)     Recordings of all messages placed over the past four (4) years, with corresponding dates when those messages were used;

(3)     Any and all training materials used for persons making calls in the past four (4) years, with corresponding dates when those training materials were used;

(4)     List of all phone numbers to which calls were sent within the last four years;

(5)     List of all persons or phone numbers who requested to opt-out of receiving telephone calls over the past four years;

(6)     Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls on your behalf;

(7)     Any proof Defendants contend shows that it obtained the prior express consent of any recipient of the telephone calls, including the Plaintiff;

(8)     Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls sent by Defendants or on their behalf within the last four years;

(9)      Copies of any and all policies or procedures implemented by Defendants with regard to the transmission of telephone calls, as well as marketing activities and restrictions;

(10)    Documents related to Defendants' cost for transmitting the telephone calls placed by Defendant or on its behalf within the last four years;

(11)    The equipment used to place the subject calls, whether in your possession or the possession of another party; and

(12)    Demand is made on Defendants to notify any third parties or vendors retained by it to place telephone calls of this preservation demand and request production of any documents requested through this demand.

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the defendants, as follows:

(1)   An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the plaintiff and her counsel to represent the class;

(2)   For compensatory damages as alleged herein;

(3)   For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)   For an injunction restraining Defendants from placing any more telephone calls to cellular telephone without prior express consent using a equipment meeting the definition of an automatic telephone dialing system;

(5)   For pre-judgment interest from the date of filing this suit;

(6)   For reasonable attorney's fees;

(7)   For all costs of this proceeding;

(8)   For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law; and

(9)   Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury on all claims for relief for which a jury trial is permitted.

BY:      s/ John P. Wolff, III
   JOHN P. WOLFF, III (State Bar #00793161)
   CHRISTOPHER K. JONES (*Pro Hac Vice to be filed*)
   KEOGH, COX & WILSON, LTD.
   701 Main Street
   Baton Rouge, Louisiana  70802
   Telephone:  (225) 383-3796
   Facsimile: (225) 343-9612
   Email:  jwolff@kcwlaw.com
      cjones@kcwlaw.com

     - AND -

   PHILIP BOHRER (Fed. Id. 356937)
   SCOTT E. BRADY (*Pro Hac Vice to be filed*)
   **BOHRER LAW FIRM, LLC**
   8712 Jefferson Highway, Suite B
   Baton Rouge, Louisiana 70809
   Telephone: (225) 925-5297
   Email:  phil@bohrerlaw.com
      scott@bohrerlaw.com